## In re EVANS PRODUCTS CO. et al., Debtors.

### Bankruptcy No. 85–00512–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

May 8, 1985.

Robert Mark, Miami, Fla., for debtors.

## ORDER DENYING DEBTOR'S MOTION FOR ORDER APPROVING SHORT TERM INVESTMENT BY DEBTOR

THOMAS C. BRITTON, Bankruptcy Judge.

Evans Products Company, a chapter 11 debtor, has about $35 million worth of cash and cash equivalents at any given moment. It is eager to and, apparently, it has in the past invested that money in such manner as to yield the maximum reasonable net return on the money, taking into account the safety of its investment. As a part of that investment program, it executed with Mellon Bank, N.A., a number of "Automatic Investment Service" contracts for the daily/overnight investment of its "net ex-cess funds". These contracts utilize the investment vehicle of daily repurchase agreements. The repurchase agreements are backed by obligations of the U.S. Government or Federal agencies. The contract prohibits any other investment by Mellon Bank.

This debtor has moved for authorization to continue to use the Automatic Investment Service contracts with Mellon as a part of its investment program. (C.P. No. 198). The motion was heard on May 6. It has not been opposed.

The problem is that a chapter 11 debtor is given the duties as well as the powers of a bankruptcy trustee, subject to certain exceptions not pertinent here. 11 U.S.C. § 1107(a). Among those duties is the following:

> "Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested (1) a bond ..." Section 345(b).

Mellon Bank does not qualify as one of the depositories with whom the trustee or debtor may invest without requiring a bond.

Movant asks that the foregoing statutory requirement be disregarded, because subparagraph (a) of the same section permits the trustee to:

> "Make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

These two provisions are not inconsistent and may be construed reasonably together without disregarding the unambiguous provisions in subparagraph (b).

Secondly, movant points to an order dated June 1, 1982 by Bankruptcy Judge King of San Francisco in the ITEL case and another order dated November 24, 1982, by Bankruptcy Judge Lifland of New York in

Johns-Manville, each of which, it is said, have authorized what is requested here. The two orders are brief and apparently were prepared by counsel rather than by the Court. Neither discusses the point at issue here and neither explains why the court felt justified in disregarding the plain language of the statutory restriction.

As I see it, Congress did not intend to leave to the debtor's discretion nor to the discretion of this court compliance with the minimum requirements of § 345(b). It is undisputed that as presently constituted the Automatic Investment Services contracts with Mellon do not comply. The motion is, therefore, denied. Denial is without prejudice, of course, to the investment with Mellon or any other depository subject to compliance with the requirements of the statute.